## 68171. McCRARY v. THE STATE.

BIRDSONG, Judge.

Interlocutory Appeal — Denial of Plea in Bar. George D. McCrary, on the night of May 20-21, 1983, was observed apparently driving under the influence by a police officer of Pine Mountain. The police officer gave chase but temporarily lost contact with the fleeing auto. The police officer radioed for and obtained the assistance of a state highway patrolman. Shortly after losing sight of the eluding driver, the police officer came upon the car in a ditch alongside the road. The police officer pulled alongside the car to apprehend McCrary. As the police officer dismounted from his car, the driver backed up from the ditch and penned the police officer between the patrol car door and the car. The officer was not injured to a significant degree. He pulled his pistol and fired through the rear window of the car. McCrary moved forward a few inches allowing the officer to re-enter his patrol car. McCrary then backed up again but the officer dismounted from the passenger side of the patrol car and apprehended him. While the bumping between the two cars was occurring, the state patrolman arrived on the scene. Thus, it is uncontested that both officers were aware that McCrary was suspected of driving while under the influence, had sought to flee in order to elude arrest, had driven the vehicle in a reckless manner, and had committed an assault with the vehicle against the person of the police officer. All these offenses occurred in Harris County.

Later that night, the state patrolman issued citations against McCrary for the offenses of DUI and reckless driving. The next morning, the policeman caused the issuance of warrants charging McCrary with fleeing to elude arrest and aggravated assault against a police officer. On June 10, 1983, a preliminary hearing was scheduled for all four charges in the Probate Court of Harris County. Counsel for McCrary appeared as did an assistant district attorney for Harris County. Though there is some dispute as to the nature of the understanding between counsel for McCrary and the district attorney of Harris County, it appears that only the DUI and reckless driving citations

issued by the state patrolman were considered by the probate judge. It was the stated understanding of the district attorney and his assistant that McCrary would waive preliminary hearing on all four charges and that all four would be bound over to the Superior Court of Harris County. In fact, the probate court accepted pleas of guilty to the two misdemeanor charges presented to it and imposed sentence. This occurred on June 14, 1983.

On September 12, an indictment was returned against McCrary charging him with fleeing to elude apprehension and aggravated assault against the police officer. On September 21, a hearing was held on what was denominated as a plea in abatement filed by McCrary to dismiss the indictment as a violation of the double jeopardy provisions of the constitution. Clearly the true intent was to obtain the grant of a plea in bar. The trial court, concluding that by entering a plea of guilty to less than all four of the known offenses counsel for McCrary was attempting to thwart attempts of the State to exact the enforcement of the law, denied the plea in abatement (bar). McCrary sought and obtained a certificate for interlocutory appeal and that petition was granted by this court. *Held:*

Though there is no attempt to explain why the State, if it intended to bind over and try all four offenses, only listed on the indictment the two felonies or why the probate court was aware only of the two misdemeanors, we will consider this case assuming the State was not aware of the division of the charges. We will also assume that the State did not know that the probate court was considering only the two misdemeanors. However, it is crystal clear that the State was represented at the time set for the preliminary hearing and was in a position to demand that the hearing consider all four known offenses or, if a preliminary hearing was waived (as it was), that all four offenses would be bound over to the superior court. There is no question that appropriate action was not taken to inform the probate court of what the State sought in the disposition of the charges.

OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." OCGA § 16-1-8 (b) (1) provides: "A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution. . . ."

The code sections quoted in part above constitute Georgia's statutory bar to successive prosecutions, the procedural aspect of double jeopardy. *Brock v. State*, 146 Ga. App. 78, 80 (245 SE2d 442).

It is not disputed that all four of these charges were within the

jurisdiction of the Superior Court of Harris County. *Nobles v. State*, 81 Ga. App. 229 (2) (58 SE2d 496). Moreover, the facts are clear that the prosecuting attorney was fully aware of all four of these charges when prosecution was commenced in the probate court. Insofar as the confluence of offenses is concerned, the facts show that the appellant came to the attention of the police officer because of his erratic driving. When chase was commenced, McCrary sought to elude apprehension. Even though McCrary drove his car into a ditch, he was not within the control of the officer until after the collision between the two cars (from which arose the aggravated assault), and apparently only after McCrary was apprehended could it conclusively be determined that he was operating his car under the influence of intoxicants. Under such a state of facts, there is only one plausible conclusion: all these acts of misconduct occurred in one single continuous course of conduct. Thus, while there were four distinct offenses involved (two felonies and two misdemeanors), all four of the offenses arose out of one course of conduct, i.e., there was only one transaction. See *State v. Gilder*, 145 Ga. App. 731 (245 SE2d 3), affirmed, 242 Ga. 285 (248 SE2d 659).

It is obvious from the face of the traffic citations and the indictment that the dates of all the offenses were the same and arose from the same transaction, and were known to the prosecutor at the time of the prosecution in the probate court. It also is obvious that at the time of the prosecution in probate court all four charges were within the jurisdiction of the Superior Court of Harris County. The State, by its election (either intentional or by default) to proceed separately as to the misdemeanor offenses, falls before the caveat that when related crimes are prosecuted separately, the more serious crimes should be prosecuted first to avoid the result, as in this case, that a conviction of a lesser crime will act as a bar to the prosecution for the more serious crime. *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846). We conclude that prosecution in the lower court now prevents the successive prosecution in a higher court for the felony charges. *Mann v. State*, 160 Ga. App. 527, 529 (287 SE2d 325). The order of the trial court denying the plea in bar is reversed, and the case is remanded for appropriate action consistent with this opinion.

*Judgment reversed and case remanded. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 22, 1984 —
REHEARING DENIED JULY 11, 1984 —

C. *Jerry Willis, D. Ray McKenzie, Jr.*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assis-*

*tant District Attorney*, for appellee.