The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Paul Duane McINTOSH, Defendant-Appellant.

No. 84CA0047.

Colorado Court of Appeals, Div. I.

Dec. 20, 1984.

As Modified on Denial of Rehearing Jan. 24, 1985.

Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Robert J. Braswell, Denver, for defendant-appellant.

TURSI, Judge.

Defendant was convicted of a felony drug offense and was sentenced to imprisonment after the trial court found him ineligible for parole because of two prior felony convictions. *See* § 16–11–201(2), C.R.S. (1984 Cum.Supp.). Defendant appeals, claiming that a 1962 felony conviction entered upon a guilty plea was invalid because he had not been afforded legal counsel. We vacate the sentence and remand for resentencing.

The only record before the trial court concerning defendant's 1962 conviction was a certified copy of an order dated January 8, 1962, in which that court accepted defendant's guilty plea to a burglary charge. That order reveals that at the 1962 providency hearing:

"[T]he Court, before accepting said plea of guilty, informs the defendant that he has a right to be tried by a jury; that he has a right to be represented by counsel; that under a plea of guilty to said information said defendant may be sent to the Colorado State Penitentiary, and that any statements made by the defendant may be used against him."

At a hearing in the case at issue, defendant testified that he was unable to afford an attorney to represent him in the 1962 burglary charge. He further testified that a deputy sheriff and the trial judge had informed him at that time that he would probably go to prison unless he pleaded guilty since he could not afford an attorney. Defendant contends that the 1962 trial court denied his constitutional right to counsel by not informing him that counsel would be provided if he could not afford one. We agree.

The rule that counsel must be afforded to an indigent defendant was not announced to be applicable to the states until *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), after de-

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

fendant's 1962 conviction. However, *Gideon* was made retroactive in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). *Burgett* held that a conviction obtained in violation of *Gideon* could not be used against a defendant in a later proceeding to either support guilt or enhance punishment. *See also People v. Coyle,* 654 P.2d 815 (Colo.1982).

The People argue that defendant failed to meet his burden of proving that the 1962 conviction was obtained in violation of his right to counsel. We disagree.

▮ Defendant has the burden to make a prima facie showing that his 1962 conviction was unconstitutionally obtained. *People v. Shaver,* 630 P.2d 600 (Colo.1981). In *Shaver* the court stated:

"A prima facie showing ... means evidence which, when considered in a light most favorable to the defendant and all reasonable inferences therefrom are drawn in his favor, would permit the court to find that [the conviction] was not obtained in accordance with the constitutional right to effective assistance of counsel or due process of law."

Once the defendant makes such a prima facie showing, the burden shifts to the People to prove that the conviction was obtained in a manner consistent with defendant's constitutional rights. *People v. Meyers,* 617 P.2d 808 (Colo.1980). Defendant made out his prima facie case by testifying that in 1962 he requested an attorney but was denied one because he was indigent.

▮ In denying defendant's collateral attack on the 1962 conviction, the trial court stated that it assumed that the 1962 court followed the law as it existed in 1962, and that therefore the court "has to assume that the district court before which Mr. McIntosh appeared would have appointed counsel if in fact the defendant would have requested counsel." (3:23) In so ruling the court relied on two statutes. Section 39–7–29, C.R.S.1953, provided:

"In all indictments or informations for crimes or misdemeanors in any of the district courts of this state where by reason of the inability of the defendant to employ counsel, the court may assign him counsel for his defense, it shall be the duty of the court so assigning counsel to allow him a fee, to be fixed by the judge of the court, to be paid out of the county treasury of the county wherein such indictment or information may be found; provided, that but one fee shall be allowed to counsel in any one case."

This statute, however, merely permitted, but did not require, the court to provide the state funded attorney for an indigent client.

Section 39–7–8, C.R.S.1953, also provided in part:

"In all cases where the party indicted shall plead guilty, such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea."

The certified copy of the January 8, 1962, order only shows that the trial court informed the defendant that he had the right to be represented by counsel. The record is silent as to whether the trial court informed Mr. McIntosh that he had the right to a state funded attorney if he so desired and could not afford one. Since a waiver of counsel cannot be assumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *People v. Johnson,* —— P.2d —— (Colo.App. No. 83CA0124, November 1, 1984), there can be no presumption that the defendant was properly informed of his rights.

The People finally contend that Crim.P. 44 as worded in 1962 required the trial court to appoint counsel for the defendant. Crim.P. 44 as then in effect provided:

"If the defendant appears in court without counsel, the court shall advise him of his right to counsel. In any felony case, if upon the defendant's affidavit or sworn testimony and other investigation the court finds that the defendant is financially unable to obtain counsel, an attorney shall be assigned to represent him at every stage of the trial court proceedings."

This rule does not require the trial court to inform the defendant that he will be afforded counsel if he presents proof of

indigency. There is nothing in the 1962 record to suggest that the court adequately informed defendant of his rights under this rule. Therefore, we cannot assume from the silent record that the 1962 court informed defendant that the state would provide an attorney for him.

Since defendant made a prima facie showing that the 1962 conviction was obtained in violation of his constitutional rights, and the People offered no evidence to rebut that showing, we hold it was error for the trial court to consider that conviction in determining whether defendant was eligible for probation.

Accordingly, the sentence imposed by the trial court is vacated and the cause remanded for resentencing.

PIERCE and VAN CISE, JJ., concur.