41421. THE STATE v. McCRARY.
(325 SE2d 151)

CLARKE, Justice.

This is a certiorari case involving the statutory bar to multiple prosecutions found in OCGA §§ 16-1-7; 16-1-8. The Court of Appeals held that the state could not prosecute McCrary for the offenses of aggravated assault on a police officer and fleeing to elude an officer because of his earlier plea of guilty and sentence for driving under the influence and reckless driving. *State v. McCrary,* 171 Ga. App. 585 (320 SE2d 567) (1984). We granted certiorari to determine whether a plea in bar should not be granted where a defendant through intentional manipulation of the situation elects to proceed separately in order to raise a statutory bar.

While we are of the opinion that one who misuses the system, through no fault of the state, should not be able to successfully raise a plea in bar which arises because of his manipulation, we find that under our decision in *McCannon v. State,* 252 Ga. 515 (315 SE2d 413) (1984), the Court of Appeals should be affirmed in this case.

All four of the charges against McCrary arose out of the same conduct in attempting to apprehend him for suspected DUI in Harris County on May 20, 1983. A fuller recitation of these facts may be found in the Court of Appeals opinion. *State v. McCrary,* supra.

On June 10, 1983, a preliminary hearing was scheduled in Harris County before the Justice of the Peace. The state was represented by the chief assistant district attorney for that judicial circuit. It is undisputed that prior to the hearing he had knowledge of all four charges against the defendant. It is also undisputed that the Superior

Court of Harris County had jurisdiction over all four offenses. The preliminary hearing was waived and as stated by the Court of Appeals the state was in the position to have all four charges bound over to the superior court.

Although the reasons are unclear, only the two charges involving the assault and fleeing to elude were bound over to superior court. This did not result from any act of the accused and must therefore be viewed as stated by the Court of Appeals as an "election (either intentional or by default) to proceed separately . . ." *State v. McCrary,* 171 Ga. App., supra at 587.

On June 14, 1984, McCrary entered pleas of guilty to the driving under the influence charge and reckless driving in the Harris County Probate Court which had jurisdiction because the charges were not bound over to the superior court. On September 12, 1983, McCrary was indicted for aggravated assault and fleeing to elude an officer; it was to these charges that a plea in bar was filed based upon the prohibition against multiple prosecutions.

In *McCannon v. State,* supra, we held that a successive prosecution is barred when the conduct of an accused establishes more than one crime and they are not prosecuted in accordance with OCGA § 16-1-7 (b).

"If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." OCGA § 16-1-7 (b). Here we have several crimes arising from the same conduct, all were known to the proper prosecuting officer, chief assistant district attorney for the Chattahoochee Judicial Circuit and all could have been prosecuted in the Harris County Superior Court. It was within the power of the prosecuting officer to seek a single prosecution by having all charges bound over at the preliminary hearing on June 10, 1983. Either through decision or default this was not done, and the holding of the Court of Appeals that the trial court erred in failing to grant the plea in bar must be affirmed.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED JANUARY 30, 1985.

*William J. Smith, District Attorney,* for appellant.
*Richter, Willis & McKenzie, C. Jerry Willis, D. Ray McKenzie, Jr.,* for appellee.