## 71862. COLLINS v. THE STATE.
(341 SE2d 288)

BANKE, Chief Judge.

The appellant was arrested by a state trooper for the offenses of speeding and driving under the influence. Both charges were returned to the Probate Court of Henry County; and, prior to trial, the appellant sought to dispose of the speeding charge by paying a fine of $99 to the clerk of the probate court. The clerk accepted the fine and duly issued the appellant a receipt therefor. The appellant then filed a plea in bar to the DUI charge, contending that any further prosecution would be in violation of OCGA § 16-1-7 (b), which provides, in pertinent part, that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . ."

The trial court denied the plea, ruling that because the appellant had not entered a plea on the speeding charge before a judicial officer, there had been no final disposition of that charge. Following a bench trial, the court then found the appellant guilty of both offenses and sentenced him accordingly. The convictions were sustained by the superior court on application for certiorari, and this appeal followed. *Held*:

1. Where several separate and distinct offenses arise from the same transaction or course of conduct, and one of the offenses is disposed of by guilty plea or trial at a time when all the offenses are known to the prosecuting officer, any further prosecution is barred by OCGA §§ 16-1-7 (b) and 16-1-8 (b). See *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) (1984), aff'd *sub nom. State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985). See also *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984).

It has been held that where a defendant posts a cash bond and subsequently fails to appear in court, and the judge enters an order forfeiting the bond and declaring such forfeiture to be a final disposition of the case, such disposition constitutes a bar to any further prosecution arising from the conduct in question. See *Wilson v. State*, 167 Ga. App. 421 (306 SE2d 704) (1983). However, it has also been held that "one who misuses the system, through no fault of the state, should not be able to successfully raise a plea in bar which arises because of his manipulation . . ." *State v. McCrary*, supra, 253 Ga. 747.

In the present case, no prosecuting officer was involved in the appellant's payment of the fine on the speeding charge, nor did that act result in the entry of any dispositional order by any judicial officer. Consequently, the appellant has not been subjected to any former "prosecution" within the meaning of OCGA §§ 16-1-7 (b) and 16-1-8 (b). It follows that the trial court did not err in denying his plea

in bar.

2. The appellant contends that the evidence was insufficient to support his conviction of driving under the influence because no showing was made that he was a less safe driver than he would otherwise have been. See generally *Cargile v. State*, 244 Ga. 871 (1) (262 SE2d 87) (1979). The arresting officer testified that the appellant was doing 83 miles per hour in a 55-mile-per-hour zone, that he smelled strongly of alcohol, and that he was glassy-eyed. "[Evidence] as to the manner of driving, including excessive speed, may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done, and for this purpose evidence of travel in excess of the legal rate of speed may be considered." *McGregor v. State*, 89 Ga. App. 522 (1), 523 (80 SE2d 67) (1954).

The evidence in this case was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of driving while under the influence of alcohol to the extent that he was a less safe driver.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1986.

*Lee Sexton*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.