### 72955. GRANT v. THE STATE.
(350 SE2d 582)

DEEN, Presiding Judge.

At 3:15 a.m. on December 28, 1984, DeKalb County police attempted to stop a motorcycle driven by the appellant, Wayne Douglas Grant. Grant lost control of the motorcycle and went down, after which he was arrested for speeding, improper passing, attempting to elude, and operating with an improper class of license.

On January 4, 1985, the DeKalb County police discovered that the motorcycle driven by Grant had been stolen, when the owner reported it as missing. (The owner had left town on December 27, 1984.) On February 6, 1985, a warrant was sworn out against Grant, charging him with theft by receiving stolen property, and Grant was eventually arrested on that charge in June 1985.

On January 11, 1985, prior to the formal charge against Grant for theft but after the police were aware of the basis for that charge, the traffic offenses were heard in the Recorder's Court of DeKalb County, at which time Grant was found guilty of speeding, operating with an improper license, and attempting to elude.

On August 8, 1985, Grant was indicted for theft by receiving stolen property, in response to which he filed a plea of former jeopardy. On October 14, 1985, the assistant district attorney submitted a nolle prosequi order, indicating that prosecution was barred under OCGA § 16-1-7 (b), which was signed by the superior court and entered on October 23, 1985. However, on February 3, 1986, Grant was re-indicted. He subsequently filed a plea of former jeopardy, multiple prosecution, collateral estoppel, and res judicata. (At the hearing on that motion, the trial court explained that he had signed the nolle prosequi order by mistake, thinking that it was another case.) From the trial court's ultimate denial of the plea of former jeopardy, etc., this appeal followed. *Held*:

1. The appellant contends that his reindictment and prosecution for theft by receiving stolen property violates both the federal constitutional and state statutory bars to double jeopardy. However, the theft in this case did not arise from the same conduct for which he was prosecuted in the Recorder's Court. The only connection between the theft charge and the traffic offenses in this case was the fact that Grant committed the traffic offenses with the stolen vehicle. As stated in *Smith v. State*, 173 Ga. App. 728, 730 (327 SE2d 839) (1985), "[w]e reject any contention that when one steals a vehicle, every act however unrelated and independent which he commits while in possession of that vehicle is, by virtue of that single fact, of the same conduct and same continuing transaction as the theft of the vehicle." Accordingly, we find no violation of the federal constitutional bar against double jeopardy and no impermissible multiple or successive prosecution under OCGA §§ 16-1-7 (b) or 16-1-8 (b).

2. Grant also contends that the entry of the nolle prosequi order, indicating that prosecution was barred, estopped the state from reindicting and prosecuting him for the theft offense. Entry of a nolle prosequi to an indictment before it has been submitted to a jury has never been a sufficient ground to sustain a plea in bar to a reindictment for the same offense. *Bowens v. State*, 157 Ga. App. 334 (277 SE2d 326) (1981); *Doyal v. State*, 70 Ga. 134 (1883). Specification of the reason for entering the nolle prosequi in this case does not provide a sufficient ground for demolition of this ancient rule.

3. In asserting that the trial court erred in not securing Grant's presence at the hearing on the plea in bar, Grant misplaces his reliance upon *Wilson v. State*, 212 Ga. 73 (90 SE2d 557) (1955), *Chance v. State*, 156 Ga. 428 (119 SE 303) (1923), and *Tiller v. State*, 96 Ga. 430 (23 SE 825) (1895). Those cases declare a defendant's right to be present at all stages of his trial, and not pre-trial motion hearings.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED OCTOBER 23, 1986 —
REHEARING DENIED NOVEMBER 5, 1986 

*J. M. Raffauf*, for appellant.
*Robert E. Wilson*, District Attorney, *James W. Richter, Barbara B. Conroy*, Assistant District Attorneys, for appellee.