## 73254. POWE v. THE STATE.
(352 SE2d 783)

Banke, Chief Judge.

Powe appeals the denial of his plea in bar based on the statutory double jeopardy provisions of OCGA §§ 16-1-7 (b) and 16-1-8 (b).

On April 29, 1986, a Georgia state patrolman stopped an automobile being driven by the appellant, Powe, and issued a traffic citation to him for making an improper lane change. As a result of the stop, the vehicle was searched, and a large amount of suspected marijuana was seized from the trunk, resulting in Powe's later indictment for the felony offense of trafficking in marijuana. After the car had been impounded at the sheriff's office, it was also found to contain a gun, with the result that Powe was also indicted for the felony offense of possession of a firearm during the commission of a felony.

On May 6 or 7, 1986, Powe's counsel, J. Robert Daniel, went to the office of John Sikes, Assistant Solicitor of the State Court of Bibb County, to discuss the disposition of his client's traffic charge. Daniel told Sikes that his client had been charged with making an improper lane change, that he lived out of town, and that, because he had been unable to post a bond, he had remained in jail since the offense. For those reasons, Daniel asked Sikes to dispose of the traffic violation expeditiously. Daniel made no mention of the pending felony charges for trafficking in marijuana and felonious possession of a firearm, although he was well aware of those charges; and Sikes agreed to place the matter on the next plea calendar, which was scheduled for May 8, 1986.

Sikes testified that Powe's traffic ticket had been returnable to state court for May 23, 1986. He stated that if Daniel had not prevailed upon him to expedite the case, a "jail list" reflecting the felony charges would have been checked in the normal course of business, resulting in the transfer of the misdemeanor traffic charge to superior court for disposition in conjunction with the felony charges. He further stated that, because Powe's traffic ticket had not yet been transmitted to his office through normal administrative channels, he had to affirmatively request that it be delivered there so as to enable him to prepare an affidavit and accusation for the entry of the plea the following day.

On May 8, 1986, Powe appeared before the Honorable Taylor Phillips, Judge of the State Court of Bibb County, and pleaded guilty to making an improper lane change. Assistant Solicitor Otis Scarbary handled the plea, based on his understanding that Sikes and Daniel had reached an agreement on the case. Neither Scarbary nor Sikes was aware of the pending felony charges, and Daniel was not present in court. In the course of questioning the appellant about the plea, the judge inquired if he had any other cases pending, to which Powe

acknowledged that he had a case pending in superior court. Powe then signed the plea, and the court orally sentenced him to pay court costs. Although the notation "CC" appears on the ticket, no written judgment of conviction was ever prepared, signed, or filed.

Within hours after the entry of the guilty plea, Assistant Solicitor Scarbary read in the morning paper that, on the previous day, the grand jury had indicted Powe for trafficking in marijuana. Shortly thereafter, an assistant solicitor met with Judge Phillips to advise him of this development, and Judge Phillips entered the following notation beneath Powe's signature on the accusation: "The above plea of guilty is hereby withdrawn and the plea in the foregoing case having been improvidently entered, the same is hereby withdrawn and the case being transferred to the superior court the within accusation is nolle prossed on motion of the assistant solicitor, S.C.B.C. This 13th day of May 1986, nunc pro tunc, May 8, 1986."

Thereafter, Daniel filed a plea in bar on behalf of Powe in superior court, contending that, "by allowing" a plea of guilty to the misdemeanor traffic offense arising from the same transaction, the state had lost its right to prosecute the felony indictment. The trial court denied the plea in bar, finding that the complete truth had been concealed from the state court judge and that the latter had been authorized, under the circumstances, to "withdraw" appellant's plea. On appeal, Powe contends that the trial court erred in concluding that the state court proceedings did not constitute a bar to further prosecution within the contemplation of OCGA §§ 16-1-7 (b) and 16-1-8 (b). *Held*:

Although the state court judge characterized his action as a "withdrawal" of Powe's plea, it is evident that the court did not actually "withdraw" anything but simply reversed his prior decision to accept the plea. In *Curry v. State*, 248 Ga. 183, 185 (281 SE2d 604) (1981), our Supreme Court held that "[a]n oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. [Cit.]" The Court thus concluded that "the oral declaration as to what the sentence would be was within the breast of the court and could be increased at any time before it was formally entered by the judge or before service of the sentence was commenced." Id.

Certainly, the state court judge was not required to accept the appellant's plea in the present case, particularly in light of the devious attempt by Powe's counsel to manipulate the judicial process by exploiting the state court prosecutor's ignorance of the pending felony charges. As was stated by the Supreme Court in *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985), "one who misuses the system, through no fault of the state, should not be able to successfully raise a plea in bar which arises because of his manipulation. . . ." See also *Collins v. State*, 177 Ga. App. 758 (1) (341 SE2d 288) (1986). Al-

though in *McCrary* the Supreme Court, relying on *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984), determined that the acceptance of a defendant's misdemeanor plea constituted a bar to his prosecution on felony charges arising from the same transaction, that decision was based on the fact that a single prosecuting officer with jurisdiction over all the offenses, i.e., an assistant district attorney, had made an "election" to allow the misdemeanor offenses to be disposed of separately rather than requiring all the offenses to be bound over to superior court. Similarly, in *McCannon*, supra, all the charges were pending in superior court and were thus within the knowledge of the district attorney at the time the plea was accepted on the misdemeanor charge.

In the present case, while it is undisputed that the district attorney's office had knowledge of all the charges pending against Powe, such knowledge cannot, under the circumstances, reasonably be imputed to the assistant solicitor of the state court, nor can the district attorney's office reasonably be deemed, as in *McCrary*, supra, to have made an election to allow the charges to be disposed of separately. See *Webb v. State*, 176 Ga. App. 576 (336 SE2d 838) (1985). Moreover, it was the action of the defense counsel in requesting expedited treatment of his client's case in state court which prevented the solicitor from learning of the existence of the two felony charges prior to the arraignment. The defense attorney's actions in this case clearly constituted an intentional manipulation and misuse of the process which should not be condoned.

Apparently foreseeing the possibility of a situation such as the one before us, Justice Weltner, in his special concurrence in *McCannon*, made the following observation: "Properly construed, [OCGA § 16-1-17 (b)] should apply only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings (as here the case). This would obviate the possibility of a miscarriage of justice in cases where the commission of other crimes arising from the same conduct may *not* be within the actual knowledge of the prosecuting officer actually handling the prosecution." Id. at 519. While it may be reasonable to impute the knowledge of one prosecuting officer to others working in the same office, it is not reasonable to do so where two entirely separate prosecuting offices are involved and where defense counsel has deliberately set out to exploit the situation.

We hold that the state court judge was not required to accept Powe's guilty plea and that Powe's attempt to enter such a plea did not, by itself, constitute a former prosecution within the meaning of OCGA §§ 16-1-7 (b) and 16-1-8 (b). It follows that the trial court did not err in denying the plea in bar.

*Judgment affirmed. McMurray, P. J., Deen, P. J., Carley, Pope, and Benham, JJ., concur. Deen, P. J., and Pope, J., also concur spe-*

*cially. Beasley, J., concurs specially. Birdsong, P. J., and Sognier, J., dissent.*

BEASLEY, Judge, concurring specially.

I agree with the majority and believe it important to point out that there was nothing on the traffic citation to alert the solicitor or the court that the "other charge" defendant said was pending in the superior court was connected in any way with the traffic charge. Also, defendant's being from out of town and unable to post bond was the reason defendant's counsel had given the solicitor for hurrying the traffic charge disposition. That would not alert anyone, either, that there might be other charges, or that if there were, they were *related*.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this special concurrence.

BIRDSONG, Presiding Judge, dissenting.

As indicated in the majority opinion, the facts show that Powe was stopped by a state highway patrolman for a traffic offense of improper lane change, ultimately resulting in the disclosure of more than 100 pounds of marijuana in the car and a firearm in a briefcase also in the car. A traffic citation was prepared. The information was forwarded to the State Court of Bibb County for disposition of the traffic offense, if deemed appropriate, and the felonies forwarded (including the traffic violation) to the superior court of the county. On May 6, 1986, the district attorney's office prepared a condemnation of property belonging to Powe used in the felonious acts. It was acknowledged by the assistant district attorney that the state's representative was aware of the existence of the traffic offense as well as the felonies.

On May 7, the attorney representing Powe approached the solicitor of the state court and inquired as to the status of the traffic offense in the state court. It appears the traffic ticket had not procedurally progressed through administrative channels to the state court. Because of the interest evinced by Powe's counsel, efforts were made to expedite the processing of the traffic offense because Powe was incarcerated and had not made bond. There is no contention either by the state court's solicitor nor by Powe's counsel that any mention was made of the pending charges in the superior court as to the felony charges.

By May 8, an expedited accusation was prepared for disposition in the state court showing only the changing lane offense. However, it was candidly conceded by the assistant solicitor presenting the case to the state court that he found the Powe case quite unusual because a simple traffic violator ordinarily would not be in jail. Therefore when the assistant solicitor saw the accusation for the simple offense of im-

proper lane change, he made special inquiry of the clerk who prepared accusations as to the circumstances of the case because of Powe's incarceration. He was assured that the solicitor had directed the expedited disposition because Powe's attorney had made inquiry. The next day when he presented the case to the judge of the state court, the solicitor overheard a conversation that made him as well as the court have concern as to the unusual circumstances as to why Powe was in jail on a simple traffic violation. Apparently the court was seeking to find out if there was a reason for a hold for some other crime. When informed by Powe that he had another case pending in another court, the judge orally announced sentence from the bench that Powe was sentenced to pay a fine for court costs. It appears that the assistant solicitor for the state court represented the State and Powe appeared without representation. It is undisputed that initially the assistant solicitor was unaware of the drug-related charges in the superior court. But in my opinion, it is the concern evidenced by the prosecutor and the trial court that presents the controlling question for decision by this court: Should the burden of communicating to the State the nature and origin of the charge pending before the state court (or higher court) be upon an unrepresented defendant or upon the legal representatives of the state who admittedly were aware of the implications of the bifurcated trials? I believe the burden should be upon the party who realizes the implications of the bifurcated charges and the one who has ready access to the channels of information and not upon an unrepresented defendant who honestly and fully informs the solicitor and the trial court of a pending charge (and an answer to the concern already evidenced by both those officials).

In spite of the obvious red flag of warning manifested by the admitted concern of the prosecutor and court, no inquiry was made by the trial judge or the solicitor as to the possible connection between the traffic offense and the charge pending in the superior court. Especially is this of concern in face of the further admission by the assistant solicitor that he would never accept a plea of guilty to a misdemeanor where a felony charge arising out of the same occurrence is involved. That same knowledge must be attributed to the trial court in face of the unusual action of unilaterally withdrawing the guilty plea by the court without notice to Powe when the court became aware of the felony charge. I am not prepared to hold in the face of an appropriate motion to dismiss on grounds of double jeopardy that the appellant Powe, who apparently was not versed in the law, was required not only to forewarn the solicitor and the trial judge that there was another charge pending but that the charge arose out of the same transaction as the traffic offense.

It is my belief that the State sufficiently was placed on notice by the open and honest answer of the appellant that all known charges

against Powe were not being tried in a court of competent jurisdiction at one trial or at least to the point of necessitating some further inquiry that would have exposed the problem. Thus in my opinion, Powe's plea in bar was justified in light of the language contained in *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) and *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567), affirmed 253 Ga. 747 (325 SE2d 151).

The majority apparently agrees with the argument of the State that because the trial court after orally announcing its sentence still had not signed the sentence form (a form prepared in all guilty plea cases in that court), the court unilaterally could withdraw the guilty plea. I believe the sentencing process is separate from the verdict of guilty whether that verdict is found by a court or a jury. The power to increase or decrease a sentence orally announced but before being filed is not the same as the power sua sponte to withdraw a formally entered guilty plea subsequent to its acceptance but without notice to the defendant. The power to withdraw a plea of guilty surely must be initiated by a defendant or at the minimum be done only in the defendant's presence and after affording him an appropriate hearing on the proposed withdrawal action. I do not believe the result in this case justifies the means or that the criminal law will be enhanced thereby. The old maxim still applies that it is better that one thousand guilty be freed rather than one improper conviction be tolerated. I would reverse the judgment of the trial court.

I respectfully dissent. I am authorized to state that Judge Sognier joins this dissent.

DECIDED DECEMBER 5, 1986 —
REHEARING DENIED DECEMBER 19, 1986 —

*J. Robert Daniel*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney*, for appellee.