## A94A1410. YOUNG v. THE STATE.
(448 SE2d 477)

BEASLEY, Presiding Judge.

Officer Billingslea was clearing cars illegally parked in a fire lane. Appellant, the driver of one of the cars, fled as Billingslea was determining that this car was stolen.

Billingslea obtained warrants against appellant in magistrate court for theft by receiving a motor vehicle stolen in another state, improper parking, and concealing the identity of a motor vehicle. That court dismissed the charges at the preliminary hearing because of Billingslea's failure to timely appear. When Billingslea arrived late and discovered what had happened, he was informed that he could seek an indictment from the grand jury.

He obtained additional warrants charging appellant with giving a false name, giving a false address, obstruction of an officer, and driv-

ing on a suspended license. These charges were bound over to state court at the preliminary hearing on them, and appellant pled guilty.

The assistant solicitor, who was the prosecuting attorney in state court, was aware of the charges against appellant which had been dismissed by the magistrate court. She, as well as appellant and defense counsel, believed that Billingslea had brought the charges against appellant then pending in state court in lieu of seeking an indictment on the original charges. That belief was erroneous, in that a four-count indictment was subsequently returned against appellant in superior court, charging him with the offenses of theft by bringing stolen property into the state, theft by receiving stolen property in another state, concealing the identity of a motor vehicle, and improper parking.

Appellant filed a plea in bar in reliance on OCGA § 16-1-7 (b), which provides in pertinent part: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ."

Although the assistant district attorney conceded that the crimes charged in the indictment arise from the same conduct as those of which appellant was convicted in state court, the superior court ruled otherwise under the authority of *Grant v. State*, 180 Ga. App. 746, 747 (1) (350 SE2d 582) (1986). The court also ruled that since the assistant solicitor was not aware that an indictment would be returned against appellant on the charges dismissed by the magistrate court, the appellant had not carried his burden of proof on this issue. Accordingly, the court denied the plea in bar.

Under *Grant*, the offenses concerning theft and concealing the identity of the motor vehicle did not arise from the same conduct as the offenses of which appellant was convicted in state court. As in *Grant*, the former crimes constituted one set of offenses related to the theft of the car, and the latter crimes were unrelated and independent acts committed by appellant while in possession of it. The State's concession to the contrary was not binding on the court. See *Busbee v. State*, 205 Ga. App. 533 (423 SE2d 3) (1992).

However, under *Grant*, as well as *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) (1984), aff'd *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985), the offense of improper parking, a traffic offense, did arise from the same conduct as the offenses of which appellant was convicted in state court.

Thus, the court should have dismissed the count of the indictment charging appellant with improper parking, if this crime was actually known to the assistant solicitor. *Anderson v. State*, 200 Ga. App. 530 (408 SE2d 829) (1991). It is uncontested that it was. Under OCGA § 16-1-7 (b), her actual knowledge of the crime bars a subsequent prosecution. It is immaterial that she mistakenly thought that

no indictment was being sought.

The order of the superior court is affirmed insofar as it denied appellant's motion to dismiss the counts charging him with the two theft offenses and concealing the identity of a motor vehicle, but the order is reversed insofar as it denied appellant's motion to dismiss the count charging him with improper parking.

*Judgment affirmed in part and reversed in part. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED SEPTEMBER 7, 1994'—

*Steven L. Harris*, for appellant.
*Robert E. Keller, District Attorney, Per B. Normark, Assistant District Attorney*, for appellee.