A99A2070. HOOKER v. THE STATE.
(522 SE2d 723)

MCMURRAY, Presiding Judge.

Defendant Hooker appeals from the Superior Court of Emanuel County's order denying his plea of former jeopardy. Pointing to OCGA § 16-1-7 (b), he contends that his misdemeanor convictions in the State Court of Emanuel County[1] bar any "successive" prosecution in the superior court of the misdemeanors and of two aggravated assault charges (OCGA § 16-5-21) not tried in the state court. *Held*:

The evidence adduced at the hearing upon defendant's plea of former jeopardy shows that State Trooper Wayne Hutchinson was

---

[1] Defendant was convicted of failure to stop at the scene of an accident (OCGA § 40-6-270), driving under the influence of alcohol (OCGA § 40-6-391), and following too closely (OCGA § 40-6-49).

called to investigate an automobile accident which occurred in the early morning hours of Saturday, November 7, 1998, on U. S. Highway 1 in Emanuel County. As a result of his investigation, Trooper Hutchinson issued four traffic citations charging defendant with the misdemeanor counts tried in state court and two counts of aggravated assault by ramming a truck occupied by driver Fred Stivender II and his nine-year-old son. On their face, these traffic citations indicate that they were issued contemporaneously at 5:30 a.m., November 7, 1998, and relate to crimes arising from the same accident.

Shortly after he issued the traffic citations, Trooper Hutchinson prepared an incident report on the accident and submitted it to the district attorney's office, attaching the traffic tickets, to obtain an arrest warrant as to the aggravated assaults.[2] Such warrant was issued on November 10, 1998.

Sheriff J. Tyson Stephens testified that he delivered the incident report and the traffic citations to the district attorney and advised him that a felony charge was among the tickets. In further testimony, Sheriff Stephens indicated that he spoke to the defendant in jail the morning after the accident thinking he was from out of town. In "a compassionate measure" in order to minimize the time the defendant would be without his driver's license and help save his job, Sheriff Stephens advised him to complete an alcohol treatment program quickly and plead guilty in state court to the misdemeanor charges. Additionally, Sheriff Stephens testified that in furtherance of his efforts to help defendant, he asked a secretary in the district attorney's office to send the misdemeanor citations against defendant to state court. His testimony also indicated that the secretary did so without conferring with the district attorney or any of his assistants.

On December 12, 1998, defendant, pro se, pleaded guilty in the State Court of Emanuel County to each of the misdemeanors. The court accepted such pleas and imposed sentence thereon. Sheriff Stephens did not inform the state court of the pendency of the felony charges in superior court because he believed that the district attorney would prosecute them separately.

On January 29, 1999, the grand jury for Emanuel County indicted defendant for the misdemeanors to which he had pleaded guilty in state court and two counts of aggravated assault, one as to the driver of the vehicle defendant is alleged to have rammed, Stivender, and the other as to his son. On February 19, 1999, after waiving formal arraignment on the indictment, defendant pleaded not guilty and, through newly retained counsel, filed his plea of for-

---

[2] An assistant district attorney advised Trooper Hutchinson to seek issuance of a single arrest warrant on both aggravated assaults.

mer jeopardy. At its April 9, 1999 hearing thereon, the Superior Court of Emanuel County and the parties agreed that the misdemeanors to which defendant's guilty pleas had been accepted were barred from further prosecution by former jeopardy. Through apparent administrative error, however, the superior court's order in the record denied defendant's plea of former jeopardy *as to all the charges*.

In *State v. McCrary*, 253 Ga. 747, 748 (325 SE2d 151), the Supreme Court of Georgia determined that the acceptance of a defendant's misdemeanor plea constitutes a bar to his prosecution on felony charges arising from the same transaction where an assistant district attorney having jurisdiction over all the offenses had made an election, whether intentionally or by default, to dispose of the charges separately rather than requiring all the offenses to be bound over to superior court. This was in consonance with *McCannon v. State*, 252 Ga. 515 (315 SE2d 413), in which the Supreme Court of Georgia held that "a successive prosecution is barred when the conduct of an accused establishes more than one crime and they are not prosecuted in accordance with OCGA § 16-1-7 (b)." *State v. McCrary*, 253 Ga. at 748, supra.

> If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section.

OCGA § 16-1-7 (b). In the instant circumstances, it is undisputed that defendant's crimes arose from the same conduct and that all were known to the district attorney. While it thus was within the district attorney's power to seek a single prosecution of the charges, such a prosecution was not brought in the case sub judice because of default in the State — that is, the apparently well-intended but misguided acts of commission and omission by Sheriff Stephens and the secretary who assisted him in the district attorney's office. Moreover, in reaching the foregoing conclusion, we are not unmindful of *Powe v. State*, 181 Ga. App. 429, 431 (352 SE2d 783), in which this Court held it is not reasonable to impute the knowledge of one prosecutor to other prosecutors, "where two entirely separate prosecuting offices are involved *and* where defense counsel has deliberately set out to exploit the situation." (Emphasis supplied.) Unlike *Powe*, however, in this case defendant's guilty pleas were accepted, and inasmuch as defendant was unrepresented in state court, there was no attempt by any trial counsel to manipulate the system. See *State v. McCrary*, 253 Ga. 747, supra ("[O]ne who misuses the system, through no fault

of the state, should not be able to successfully raise a plea in bar which arises because of his manipulation. . . ."); see also *Collins v. State*, 177 Ga. App. 758 (1) (341 SE2d 288).

Therefore, we conclude that the prosecution in the state court against the defendant now prevents a successive prosecution in the superior court of the misdemeanor and felony charges against him. The order of the superior court denying the plea in bar is reversed, and the case is remanded for action, as appropriate, consistent with this opinion.

*Judgment reversed and case remanded. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 23, 1999.

*Wilmer L. Salter, Jr., Jason A. Craig*, for appellant.
*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.