**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 22, 2013**

# In the Court of Appeals of Georgia

A12A1875. PARHAM v. THE STATE.

ANDREWS, Presiding Judge.

Charles Frank Parham appeals his conviction for felony shoplifting. He contends the trial court erred by denying his motion for a directed verdict and by considering in aggravation of punishment his earlier guilty plea that was entered without benefit of counsel. Parham also contends the verdict was strongly against the weight of the evidence. Although we find no error in the denial of the motions attacking the verdict, we must reverse the sentence imposed because the trial court considered a prior conviction which was entered without the benefit of counsel.

1. When an appellate court reviews the sufficiency of the evidence, "the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781,

61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination of the proper weight and credibility to be given. Id. at 807 (1). It is the function of the jury, not an appellant court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (541 SE2d 653) (2001). If competent evidence exists, though contradicted, to support the facts necessary to prove the State's case, we will not reverse the jury's verdict. *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

Viewed in this manner, the evidence shows that Parham was observed by a loss prevention clerk "shopping off [a] receipt," i.e., selecting items from the store's shelves that are on a receipt. According to the clerk, Parham told her he found the receipt outside the store.

With the aid of the receipt, he selected three items from the shelves, and then took them to the front of the store where he secured return stickers from a store greeter for the items that he had just taken from the shelves. Parham then went to customer service where he obtained refunds for the items he selected from the store. When he attempted to leave the store, Parham was stopped by the loss prevention

officer who asked him to accompany her to the loss prevention office. While in the office Parham admitted to shoplifting because he needed cash.

2. Parham contends the trial court erred by denying his motion for a directed verdict of acquittal. He contends that without the testimony of the store's greeter and customer service clerk, the evidence was insufficient to show Parham's intent when he took possession of the merchandise.

A motion for a directed verdict of acquittal should only be granted when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-10-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984). On appeal, a reviewing court may consider all the evidence in the case, *Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743) (1975), and must review the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984). Further, "In light of *Jackson v. Virginia*, . . . the test established there is the proper test . . . to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. at 527.

Review of the evidence in this manner reveals ample evidence from which any rational trier of fact could find, beyond a reasonable doubt, that Parham was guilty of shoplifting. *Jackson v. Virginia*, supra. The testimony of the loss prevention clerk alone was sufficient to establish all the elements of shoplifting. *Gilliam v. State*, 237 Ga. App. 476, 478 (1) (517 SE2d 348) (1999). Therefore, the trial court did not err by denying Parham's motion for a directed verdict of acquittal.

3. Parham further contends the trial court erred by denying his motion for new trial because the verdict was against the weight of the evidence. See OCGA § 5-5-21 ("The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding.") "'Of course, such an argument may only be made to a trial court in a motion for new trial, not to an appellate court on appeal. We do not have the discretion to grant a new trial on these grounds.' (Citations, punctuation and footnotes omitted.) *Hughes v. State*, 297 Ga. App. 581, 582 (1) (677 SE2d 674) (2009). See also *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978)." *Lewis v. State*, 304 Ga. App. 831, 833 (1) (698 SE2d 365) (2010). Accordingly, this enumeration of error is also without merit.

4

As we have affirmed the trial court on the enumerations of error attacking the verdict, Parham's conviction is affirmed.

4. Relying on *Thompson v. State*, 276 Ga. 701 (583 SE2d 14) (2003), Parham contends the trial court erred by considering his guilty plea, which was taken without the benefit of counsel. The record shows that after Parham had been found guilty by the jury, the prosecutor advised the court that the State had three additional certified copies of convictions. After reviewing the convictions, Parham's counsel objected to the court's consideration of one of the pleas because the plea was entered without counsel. The prosecutor then asked whether the court was "inclined to consider the plea that was taken without the benefit of counsel?" The court responded that it would. The court then, after considering the prior convictions, sentenced Parham to ten years with the last five years to be served on probation.

The State relies upon *Hampton v. State*, 289 Ga. 621, 627 (6) (713 SE2d 851) (2011), for the proposition that when the record does not show that the trial court relied upon the uncounseled pleas in determining the length of a sentence and the sentence is within the legal range, appellate courts cannot assume that the trial court relied upon the uncounseled pleas because trial courts are presumed to consider only relevant, legal evidence.

5

In this case, however, we know that the trial court considered the plea taken without counsel because the court said it would. Therefore, the State's reliance on *Hampton* is misplaced, and the trial court erred by considering the uncounseled guilty plea.

> The United States Supreme Court in *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733), established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth Amendment, making it unconstitutional to try a person for a felony in a state court unless he had counsel or had made a valid waiver of counsel. In *Burgett v. Texas*, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319), it was held: To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right. See also *United States v. Tucker*, 404 U. S. 443 (92 SC 589, 30 LE2d 592) [(1972)].

(Punctuation omitted.) *Clenney v. State,* 229 Ga. 561, 564 (4) (192 SE2d 907) (1972). Accordingly, Parham's sentence must be vacated and the case remanded to the trial court for resentencing.

*Judgment affirmed in part, vacated in part, and case remanded. Doyle, P. J., and Boggs, J., concur.*