THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN HORNE, Defendant-Appellant.

(No. 73-48;

Fifth District—May 29, 1974.

*Rehearing denied August 7, 1974.*

Robert E. Farrell and Margaret Maxwell, both of Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Thomas M. Daley, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was indicted for the alleged offenses of rape and aggravated kidnapping. After originally entering a plea of not guilty, the defendant pled guilty to the charge of rape and was sentenced on July 20, 1972, pursuant to a plea agreement, to serve 4 to 10 years in the penitentiary. The count of aggravated kidnapping was dismissed.

The defendant raised only one issue on appeal: did the trial court accept the defendant's guilty plea without determining if the defendant understood the nature of the charge?

The record shows that the defendant was given a copy of the indictment at the arraignment and the judge referred to the alleged offense by name at the guilty plea proceeding. The court did not read the indictment or the relevant section of the Criminal Code. It did not define the offense of rape for the defendant or ask him if he understood the charge. Clearly this does not meet the requirement of Rule 402(a)(1).

■■ In its oral argument the State advanced the notion that rape is so well understood that it requires less explanation and intimated that the trial judge in this case was justified in believing that the defendant did in fact understand the nature of the charge. This kind of argument could led to the emasculation of Rule 402. It would depart from a clear requirement spelled out in that rule to a subjective assessment on the part of the judge that the defendant, being an "experienced criminal," need have no explanation of the charges against him. What the judge thinks about the knowledge of the criminal should have no bearing on his astuteness in seeing that Rule 402 is complied with and that on appeal no doubts can be raised about the defendant being informed. In this case statements made by the defendant raised some doubt about whether the charge should have been rape or attempted rape. In view of this

doubt and in view of the many elements included in the definition of rape (male person, 14 years or over, sexual intercourse with a female not his wife, force and against her will), an explanation to the defendant seems particularly important. Furthermore, the statute elaborates on "force and against her will" by stating that this includes situations where the female is unconscious or where she is so mentally deranged or so deficient that she cannot give effective consent. In addition the law also states the one thing which the defendant might have understood without explanation, or again he might not have—namely, that there is sexual intercourse only if there is some penetration of the female organ. This case will have to be reversed for failure to inform the defendant as required by Rule 402(a)(1).

■■ In many instances, the point is advanced by the State, that looking at the "record as a whole," the factual basis may be relied upon to show that there was an adequate explanation of the nature of the charge. Making certain that the defendant understands the nature of the charge requires explanation and an *admonition* to the defendant with the judge doing the explaining and admonishing. Establishing the factual basis on the other hand requires that information come from the defendant, the prosecuting attorney, competent witnesses or a pre-sentence report *to the judge* so *he* can be informed as to whether or not, in his opinion, the acts of the defendant meet the definition of the crime. A perfunctory discharge of any of these responsibilities is not sufficient. The record should show that they have been expressly dealt with. A reviewing court should not have to examine the whole record and look for a word or sentence here or there to see if the various requirements of Rule 402 have been met. This question is discussed in clear and forceful language in *People v. Hudson,* 7 Ill.App.3d 800, 802, where among other things the court said:

> "Many briefs filed before this court confuse 'factual basis' with the requirement of Rule 402(a)(1) that the trial court determine that the defendant *understands* 'the nature of the charge.'"

This case presents a question not raised in the briefs of the defendant or the State though it was alluded to in the oral arguments: if the defendant successfully appeals a conviction based on a negotiated guilty plea, can other charges which have been nolle prossed be reinstated?

The court is of the opinion that they can be, with two exceptions. These exceptions are: (1) When the defendant appeals successfully from an offense which within the meaning of section 3—4(a) of the Criminal Code (Ill. Rev. Stat., ch. 38, sec. 3—4(a)) is an included offense in the offense which was nolle prossed. In that situation the charge which was dropped as a result of a plea bargaining cannot be reinstated; and (2)

when the charge which was nolle prossed is a greater offense than that to which the defendant pled guilty. However, the cases advancing this view (*Rivers v. Lucas* (6th Cir. 1973), 477 F.2d 199; *Mullreed v. Kropp* (6th Cir. 1970), 425 F.2d 1095; *People v. McMiller* 1973, 389 Mich. 425) base their holdings on the theory that there was double jeopardy. In *People v. Dugan*, 15 Ill.App.3d 1071, 1072-1073, the court rejected the theory of double jeopardy but did hold that the defendant could not be reindicted for murder since voluntary manslaughter to which he had pled guilty was an included lesser offense. The court went on to say that jeopardy had not attached since no jury had been impaneled and sworn and the court had not heard evidence. It stated:

> "Instead, the defendant tendered and the court merely accepted his proffered plea to voluntary manslaughter. Under such circumstances defendant was never placed in jeopardy on the murder charge, and therefore, having never been exposed to the danger of a conviction of murder, he is not entitled to the protection of the principle of prior jeopardy; nor can it be said that he was impliedly acquitted of murder * * *.

> We find the State's reasoning persuasive and were it not that the law on the subject is specifically spelled out by statute we would have no difficulty in concluding that under the facts here involved further prosecution of defendant on the original charge of murder would not be barred."

Thus it can be argued in Illinois if the offense from which a defendant prosecutes a successful appeal is not an included offense in a greater offense, he can be recharged with the offense which was dropped even though it is a more serious crime. In this case, however, we are dealing neither with an included offense nor with a greater offense which was dropped. Rape and aggravated kidnapping are both Class 1 felonies carrying the same penalty.

There are two Illinois cases which squarely support the view that, if a case is reversed, charges which were dismissed can be reinstated. In *People v. Short*, 4 Ill.App.3d 849, 852, the defendant had been charged with armed robbery and rape, and pursuant to a plea agreement the defendant pled guilty to armed robbery. The rape charge was nolle prossed. On reversal of the armed robbery conviction the court said:

> "* * * this cause is reversed and remanded with directions to vacate the plea of guilty and sentence imposed and further, the count of the indictment *nolle prossed* by the State which charged the crime of rape *shall be reinstated* (see *People v. Baron*, 130 Ill. App.2d 588) and a rearraignment shall be had in accordance with the views herein expressed."

14

Accordingly, the judgment of the Circuit Court of St. Clair County is reversed and remanded with directions to allow the defendant to plead anew if he so desires. The court sees no reason why the State should not consider the reinstatement at the time of rearraignment of the aggravated kidnapping indictment which had been nolle prossed at the time of the defendant's plea of guilty.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.