### A94A2206. THE STATE v. SHEAHAN.
#### (456 SE2d 615)

BIRDSONG, Presiding Judge.

The State of Georgia appeals the grant of John Sheahan's plea of former jeopardy in its prosecution for vehicular homicide, improper lane change and violation of the "Truck Restriction Law." See OCGA § 40-6-52 (b); *Duke Trucking Co. v. Giles,* 185 Ga. App. 833, 834 (366 SE2d 216). The plea of former jeopardy was made on account of the imposition of a fine in traffic court for violation of the Truck Restriction Law after entry of a nolle prosequi as to each charge.

At the hearing in January 1993, the traffic court prosecutor moved to dismiss the vehicular homicide and improper lane change charges; as to the truck restriction charge, he said Sheahan "stipulate[d] a prima facie case." The attorney for David Sotto, whose wife was killed in the collision, contended the investigation was mishandled and that Sotto was not interviewed because he suffered a brain injury; he "vehemently oppose[d] any dismissal of the improper lane change [and] vehicular homicide charges [as to Sheahan]. We have substantial evidence . . . that not only did Mr. Sheahan illegally enter the city of Atlanta inside I-285 . . . but that he changed lanes . . . and caused the ultimate crash that killed [Mrs. Sotto]." To David Sotto, the traffic judge said: "I want you to have your day in court. . . . I would not be inclined because of your . . . feelings to dismiss it. I can nol-pros it where it can be brought back up . . . so I'll nol-pros it." After more discussion, the court said: "[This] will be my decision, to nol-pros it. The parties are excused." Then the prosecutor said: "Excuse me, Your Honor, there is a plea in regard to the truck violation. They pled not guilty but stipulated a prima facie case. We have stipulated a $500 fine. . . . [THE COURT:] *That in no way has an effect on the nol-pros.*" (Emphasis supplied.) To this Sheahan did not demur. The traffic court entered "nolle prossed" on the back of each traffic ticket, *including the ticket citing Sheahan for violation of the Truck Restriction Law.* There is no indication that

the State disagreed with this action or did not fully concur in it. The State's position in this confused discussion was ambiguous.

In December 1993, the Fulton County Solicitor General filed accusations against Sheahan for vehicular homicide, improper lane change, and violation of the Truck Restriction Law. In granting Sheahan's former jeopardy plea, the state court held: "At the end of the January 19, 1993, hearing, the traffic court granted the prosecutor's motion to nolle prosequi the [charges]. . . . Upon being reminded by the prosecutor of the not guilty plea, the stipulated facts, and the stipulated fine with regard to the truck restriction charge, [the traffic judge imposed the fine], essentially, therefore, finding him guilty of that charge. . . . The State argues that this action was void [under *State v. Davis*, 196 Ga. App. 785 (397 SE2d 58)]. Defendant argues that the [fine] was valid and bars subsequent prosecution of the related offenses . . . arising out of the same conduct. OCGA § 16-1-7. . . . The transcript . . . is subject to both interpretations."

The trial court held, however, that imposition of the fine placed Sheahan in jeopardy on the truck restriction charge, thus barring his prosecution on the other charges. *Held*:

1. The state court erred in its analysis. To determine the effect of the fine, the traffic court's actions must be analyzed on their own footing. The resolution lies not in measuring those inconsistent actions against the later plea in bar, but in measuring them against each other.

Standing against the nolle prosequi of the same charge, the fine was void. If Sheahan had appealed the fine on grounds that it was void because the charge was also nolle prossed, *without question* the nolle prosequi would stand and the punitive disposition would be declared void, under the ancient authority that if there is any doubt as to a criminal sentence the defendant will be given the benefit of such doubt. *Grant v. State*, 195 Ga. App. 463, 465 (393 SE2d 737) and cases cited. The fine, being adverse to Sheahan, was void in the face of the nolle prosequi of the same charge. That he chose not to appeal the fine and now asserts it in bar of further prosecution does not make it valid, for it was void when it was imposed. A judgment which is void for any cause is a mere nullity and it may be so held in any court where it becomes material to the interest of the parties to consider it. *Barrett v. State*, 183 Ga. App. 729 (1) (360 SE2d 400).

2. Further, the traffic hearing transcript shows clearly that the nolle prosequi was granted before the traffic court accepted a fine on the charge. When the traffic court entered "nolle prossed" on the truck restriction charge, it had no more jurisdiction to try the charge and impose a fine. "When the nolle prosequi was entered . . . the prosecution was at an end, and all the incidents to it came to an end [cit.], including most obviously the right of the State to try the de-

fendant upon the indictment." *State v. Davis*, supra at 786. The nolle prosequi was not nullified by imposition of a fine, for there was no charge once the nolle prosequi was entered. To say otherwise would render every nolle prosequi a "meaningless gesture" (id.) or a very uncertain gesture, as the state court perceived it to be. A nolle prosequi is not a meaningless, uncertain gesture. The entry of the nolle prosequi rendered the charge dead. The State has no right to nolle prosequi a charge and try it nonetheless (id.); no rights accrued to Sheahan by this defective procedure, for he did not have a "right" both to have a charge nolle prossed and pay a fine on it. An appeal of that disposition would have resulted, as in *State v. Davis*, in the fine being declared void for lack of jurisdiction to impose it when the charge was "nolle prossed." The fine, being void, is not rendered valid at some later proceeding merely because the defendant seeks to use it as a plea in bar. See *Barrett*, supra.

3. Further, even assuming arguendo that the fine had not been void, it was invoked by a manipulation of court process by Sheahan. The traffic court hearing transcript shows it was the traffic court's expressed intention to nolle prosequi the charges so they could be brought again without prejudice to any of them. The traffic court judge stated that the "stipulation" of a fine on one charge "*in no way has an effect on the nol-pros*," by which he meant the fine had no effect on the State's right to prosecute the other charges in the future. The traffic judge testified at the plea in bar hearing that this statement was a question to both parties, and neither party objected to it. Although Sheahan now insists the trial court was incorrect on that point, Sheahan acquiesced in the statement when it was made. If Sheahan had advised the traffic court that he intended to assert the fine as a plea in bar to prosecution of the other charges against him, it is clear the traffic court would not have accepted his "stipulated fine."

The traffic court's error was thus induced, at least in part, by Sheahan. Nor did this induced error occur in a vacuum. Sheahan's inconsistent procedure of pleading not guilty while at the same time "stipulating a prima facie case" and agreeing to pay a fine was highly irregular. It seems intended to confuse things, and it did. It was even more irregular for Sheahan to agree to pay a fine on a charge which had been nolle prossed. The State was not at fault for *Sheahan's* use of these strategical feints to bring about confused and ambiguous results. "[O]ne who misuses the system, through no fault of the state, should not be able to successfully raise a plea in bar which arises because of his manipulation." *State v. McCrary*, 253 Ga. 747 (325 SE2d 151); *Collins v. State*, 177 Ga. App. 758 (341 SE2d 288).

We upheld a plea in bar in *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) because the State intended all charges arising out of the same conduct would be bound over to superior court, but did not

so inform the probate court, which accepted guilty pleas to two misdemeanor charges presented to it. Id. at 586. In affirming our decision, the Supreme Court warned that the rule that "one who misuses the system, through no fault of the state, should not be able to successfully raise a plea in bar which arises because of his manipulation" (id. at 747) did not apply in that case because the State's election to prosecute two charges in probate court *did not result from any act of the accused.*" (Emphasis supplied.) *State v. McCrary*, supra at 748. The same cannot be said of Sheahan, who confused the proceedings by pleading not guilty and "stipulating a prima facie case" and a $500 fine as to one charge after that charge had been nolle prossed, after acquiescing in the traffic court statement that the fine would "have no effect" on the State's future prosecution of the charges.

As the imposition of a fine is void, the state court erred in granting Sheahan's plea of former jeopardy. The fine, being void, is no impediment to further prosecution of all the charges.

*Judgment reversed. Blackburn, J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 — ▮▮▮▮▮▮▮▮

*Paul L. Howard, Jr., Solicitor, Deborah W. Espy, Ingrid D. Hartman, Assistant Solicitors,* for appellant.

*Arrington & Hollowell, Bradley S. Wolff, Wolfe & Steel, Brian E. Steel, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito,* for appellee.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Matthew P. Stone, Assistant Attorney General,* amici curiae.

