## S99G1612. BUICE v. THE STATE.
(528 SE2d 788)

HUNSTEIN, Justice.

We granted Abe Lee Buice's petition for writ of certiorari to consider whether a trial court may vacate an order of nolle prosequi and permit the State to try the defendant on the nol prossed indictment without seeking a new indictment from the grand jury. For the reasons set forth, we affirm the Court of Appeals. *Buice v. State*, 239 Ga. App. 52 (1) (520 SE2d 258) (1999).

The record in this case reveals that Buice was indicted in 1994 by a Spalding County grand jury and charged with two counts of child molestation. In 1996 Buice was reindicted on similar charges under a second bill of indictment. Both indictments were on the trial calendar in February 1997. On February 20, 1997, shortly before the case was set to be tried, the State received the trial court's consent to nolle prosequi the 1994 indictment. Four days later when the case was called for trial, however, the State requested that the trial court vacate the nolle prosequi because the wrong indictment had been tendered and that it was the 1996 indictment, not the 1994 indictment, the State had intended to have nol prossed. The trial transcript reveals that Buice's counsel acknowledged she had received both indictments and knew both were on the trial calendar. Defense counsel objected to the State's request to vacate the nolle prosequi for the 1994 indictment, asserting that different dates were set forth in

the two indictments regarding when the molestations had occurred and that Buice had an alibi for the 1996 indictment, although Buice had not given the State notice of any alibi claim as required by OCGA § 17-16-5 (a).[1] The trial court granted the State's request and entered an order rescinding the nolle prosequi order and returning the case based on the 1994 indictment to active status. The trial court's order specifically found that "the [nolle prosequi] order was requested in error." Buice was then tried that day and convicted on the 1994 indictment. Several weeks later, a nolle prosequi was filed for the 1996 indictment because Buice had been tried and found guilty on the 1994 indictment.

OCGA § 17-8-3 authorizes the prosecuting attorney to enter a nolle prosequi with the consent of the court after an examination of the case in open court and before it has been submitted to a jury. Nolle prosequi is the State's formal action on its decision not to further prosecute an indictment. *State v. McManus,* 224 Ga. App. 450, 451 (481 SE2d 243) (1997). It is well established that entry of a nolle prosequi terminates the prosecution pending on that indictment and that the State cannot try a defendant on a charge that has been nol prossed. *State v. Sheahan,* 217 Ga. App. 26, 28 (2) (456 SE2d 615) (1995); *State v. Davis,* 196 Ga. App. 785, 786 (397 SE2d 58) (1990). However, while the State may choose to reindict the defendant within six months of the filing of a nolle prosequi or at any time within the applicable statute of limitation for the charged offense, *Kyles v. State,* 254 Ga. 49, 50 (326 SE2d 216) (1985), this Court has never addressed whether an order of nolle prosequi can be vacated by the trial court within the term the order was entered, thereby allowing reinstatement of the indictment without the State having to reindict the defendant.

Georgia law has long recognized the inherent power of superior courts to revise, revoke, or vacate judgments during the same term of court at which the judgment was rendered. E.g., *Bowen v. Wyeth,* 119 Ga. 687, 688 (46 SE 823) (1904).

> "Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused. During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the

---

[1] The 1994 indictment accused Buice of placing his finger in his daughter's vagina on July 14, 1994 and during September 1994. According to the Court of Appeals' opinion, the 1996 indictment accused Buice of fondling his daughter's vagina twice during September 1994. *Buice v. State,* supra, 239 Ga. App. at 52 (1).

same for irregularity, or because it was improvidently or inadvertently entered. . . . The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments save those which are founded upon verdicts." . . . [Cits.]

*Jones v. Heilig Meyers*, 223 Ga. App. 277, 278 (477 SE2d 411) (1996). Accord *Giddeons v. State*, 156 Ga. App. 800, 801 (275 SE2d 370) (1980). "The power of the court, during the term, is described as plenary, to be used for the purpose of promoting justice, but the court's discretion, although broad, is not unbounded and should be exercised only upon sufficient cause shown. [Cit.]" *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989). Hence, we have recognized that

[t]his inherent power should not be used unless some meritorious reason is given therefor. However, the right to determine what is a meritorious reason is also addressed to the sound discretion of the judge, and this court will not reverse his [or her] decision unless such discretion is manifestly abused.

(Citations and punctuation omitted.) *Bagley v. Robertson*, 265 Ga. 144, 147 (454 SE2d 478) (1995).

Most of the foreign jurisdictions which have addressed this issue have concluded that an order of nolle prosequi can be vacated and the prosecution's case reinstated.

[T]here is authority that [the] loss of jurisdiction occasioned by the act of the prosecutor in entering a nolle pros does not deprive the trial court of its inherent power to set aside an unconditional nolle prosequi duly entered by the prosecuting attorney, reinstate the information during the term at which the order is made, . . . and try the defendant on the original information. [Cits.] Where, however, the nolle prossed information is not reinstated by the prosecuting attorney during the term of court in which the nolle prosequi was filed, the trial court has lost jurisdiction of the case and possesses no judicial power to reinstate the information and try the named defendant in the absence of a new indictment or information.

(Footnote omitted.) *State v. Nicolosi*, 588 SW2d 152, 156 (Mo. App. 1979). See, e.g., *Commonwealth v. Ahearn*, 670 A2d 133, 135 (Pa. 1996) (nolle prosequi is voluntary withdrawal by prosecutor on particular criminal bill, which at anytime in future can be lifted upon

appropriate motion in order to permit revival of original criminal bill); *People v. DeBlieck*, 537 NE2d 388, 392-393 (Ill. App. 1989) (where case has been nol prossed, State could either refile the complaint or move within term of court in which nolle prosequi order entered to vacate order, have original charge reinstated, and proceed on original charge); *Acosta v. State*, 515 So2d 338, 339 (Fla. App. 3 Dist. 1987) (trial court may reconsider dismissal of case upon showing of fraud, mistake, inadvertence, misconduct, or the like); *State v. Wood*, 194 SE2d 205, 207 (N.C. App. 1973) (nol prossed case can be replaced on docket with consent of court). See also cases cited by the Court of Appeals, *Buice v. State*, supra, 239 Ga. App. at 53-54 (1).

Accordingly, in light of well-established Georgia law regarding the plenary control courts of record retain to revise or vacate orders and judgments during the term at which they were entered, we hold that an order of nolle prosequi may be vacated within the same term of court in which it was rendered in those instances where the State has demonstrated a meritorious reason and there is no prejudice to the accused which would constitute a manifest abuse of the trial court's discretion in vacating the order.[2] After vacation, prosecution may be renewed on the indictment. Our holding likewise applies to nol prossed accusations.

In the case before us, the State demonstrated and the trial court found that the entry of the nolle prosequi order as to the 1994 indictment was the result of inadvertence when the State erroneously presented that indictment instead of the 1996 indictment it had intended to nol pros. We find no abuse of the trial court's sound discretion in determining that this was a meritorious reason warranting the trial court's exercise of its plenary authority to vacate the nolle prosequi order. See generally *Bagley v. Robertson*, supra, 265 Ga. at 146. We likewise find no manifest abuse of the trial court's discretion in vacating the nolle prosequi order over Buice's claim of prejudice, in view of the uncontradicted record that both indictments against Buice were on the trial schedule and thus Buice knew he was subject to being tried on either indictment. While Buice claims he was prejudiced by the vacation and reinstatement of the 1994 indictment because he had an alibi defense to the 1996 indictment, the charges in the 1994 indictment overlapped and included the same dates for the charges set forth in the 1996 indictment. See footnote 1, supra. What is more, a review of the trial transcript reveals that Buice adduced no alibi evidence regarding the September 1994 molestation in common to both indictments and instead relied upon a defense

---

[2] It is well established that the burden of proof to establish that a trial court abused its discretion in the exercise of its plenary authority rests on the party attacking the order. *Lowe v. Taylor*, 180 Ga. 654, 660 (180 SE 223) (1935).

that the victim manufactured the claims against him.

Accordingly, we hold that the trial court did not manifestly abuse its discretion by vacating the nolle prosequi entered on Buice's 1994 indictment without Buice's consent, thus allowing reinstatement of and trial upon the nol prossed indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Brian Steel*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.