## A01A0553. HYMAN v. THE STATE.
### (546 SE2d 881)

BLACKBURN, Chief Judge.

Algernon Hyman contends that his resentencing for the crime of making a false statement was harsher than his original sentence and presumptively vindictive in violation of *North Carolina v. Pearce*.[1] For the reasons set forth below, we affirm.

Following a jury trial, Hyman was convicted of making a false statement and felony murder on May 4, 1999. The trial court then merged the two counts and sentenced Hyman to life imprisonment. Our Supreme Court subsequently granted certiorari on Hyman's case, affirmed his conviction for making a false statement, and reversed his conviction for felony murder. As a result of this reversal, the trial court resentenced Hyman to five years of imprisonment for making a false statement and ordered that this sentence would be served consecutively to an earlier sentence imposed upon Hyman for another prior crime. Hyman contends that the second sentence violated the standard set forth in *Pearce*.

> *Pearce* promotes the idea that vindictiveness against a defendant for successfully attacking his first conviction must play no part in his resentencing, so an increased sentence on resentencing raises a presumption of vindictiveness. This so-called presumption of vindictiveness, however, refers to resentencing which actually penalizes a defendant for appealing his sentence. . . . The reason a factual basis for increased sentencing is required is to allow the constitutional legitimacy of an enhanced sentence to be assessed on appeal.

(Citations omitted.) *Duffey v. State*.[2]

The initial inquiry in this analysis, therefore, must be a determi-

---

[1] *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969).

[2] *Duffey v. State*, 222 Ga. App. 802, 804 (3) (476 SE2d 89) (1996).

nation of whether the defendant actually received an increased sentence for the same crime on resentencing. Here, Hyman was initially sentenced for felony murder, into which the crime of making a false statement was merged. No separate sentence was imposed for making a false statement at that time. Subsequently, after our Supreme Court reversed the felony murder conviction, Hyman was sentenced for the separate and distinct crime of making a false statement *for the first time*. As such, we do not have two separate sentences for the crime of making a false statement to compare, and *Pearce* is simply not applicable to the facts of this case.

Accordingly, Hyman's appeal based on the holding of *Pearce* is meritless, and his sentence is affirmed.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2001.

*L. Clark Landrum*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.

