### S01A0217. WETHERINGTON et al. v. CARLISLE.
(547 SE2d 559)

HINES, Justice.

The State appeals from the grant of a petition for writ of habeas corpus to Janice Marie Carlisle. For the reasons that follow, we affirm.

Along with Gibbs, Carlisle was indicted on two counts of stalking, one count of first degree forgery, one count of attempt to commit burglary, one count of the possession of tools for the commission of a crime, five counts of aggravated stalking, and one count of conspiracy to commit murder. On June 5, 1997, Carlisle pled guilty to two counts of stalking and two counts of aggravated stalking; the State nol prossed the remaining counts. Carlisle was sentenced to a total of ten years on supervised probation, with a total of 124 days to be served in custody, which meant she would be released from custody 26 days after her plea.

During the plea hearing, Carlisle testified that she understood the rights that she was waiving and that she was entering the plea voluntarily. However, she did not admit being guilty in fact. See *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). The court did not question her regarding her plea. On June 1, 1999, Carlisle petitioned for a writ of habeas corpus contending her plea was not made knowingly and voluntarily.

There were two evidentiary hearings on her petition, and Carlisle called several witnesses, including two expert witnesses, to testify concerning her mental state at the time she entered the guilty plea. In addition to testimony from Carlisle's friends and fellow inmates recounting her frequent crying and obsession with her case, the experts testified that Carlisle suffered from depression and obsessive-compulsive disorder, and did so at the time of the plea. Carlisle testified that she had previously been treated for depression, and was taking medication at the time of her arrest, but that during her incarceration she was not able to receive the medication despite numerous requests, and did not have its benefits when she pled guilty. Carlisle also testified that she asked her attorneys to help her

receive her medicine, but they failed to do so.

"Once a petitioner raises a question about the validity of a guilty plea, the State has the burden to show that the plea was voluntarily, knowingly, and intelligently made." *Bazemore v. State*, 273 Ga. 160, 161 (1) (535 SE2d 760) (2000). The State set forth a prima facie case on this issue by producing the transcript of the plea hearing at which Carlisle properly responded to relevant questions. Carlisle rebutted this evidence with expert and lay testimony concerning her mental state, which persuaded the habeas court that her plea was not knowingly and intelligently made. "The proper standard of review requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cit.]" *Zant v. Means*, 271 Ga. 711, 712 (522 SE2d 449) (1999).

The State argues that the habeas court's conclusion was, as a matter of law, erroneous. As the State correctly notes, a plea under *Alford* does not violate constitutional protections. *Alford*, supra at 36. The question remains "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Cits.]" Id. at 31. That is the standard that the court applied. The court specifically found as credible Carlisle's testimony about the mental effects of her lack of medication, and relied upon psychiatric testimony for findings concerning Carlisle's mental disorders. The court found that her perceptions, "accurate or not," were such that the plea was not made intelligently, freely, and voluntarily.

The State also urges that the court erred by finding invalid what the court described as "a plea of convenience." Although the court used that term in its order, as noted above, that was not the court's sole finding concerning the plea. Rather, the court specifically articulated the proper standard and applied it to the facts it found. Further, in a colloquy with counsel during an evidentiary hearing, the court stated that it viewed the plea as "a plea of convenience" but went on to say that the question remained as to whether Carlisle had the mental capacity to enter that plea. Clearly, the court's use of the term did not prevent the court from applying the correct legal standard.

The State's view of the evidence is that Carlisle simply chose the more preferable of the two options she saw; stay in jail awaiting trial, or plead guilty and secure a release in 26 days. While this is a viable view of the evidence, it is not the one that the court found persuasive. As there was evidence to support the court's factual findings concerning Carlisle's mental capacity, the court's decision cannot be found to be clearly erroneous. *Turpin v. Todd*, 271 Ga. 386, 390 (519 SE2d 678) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, William P. Rowe III,* for appellant.
*John A. Pickens,* for appellee.