A01A1862. COTTEN v. THE STATE.
(555 SE2d 15)

ELLINGTON, Judge.

Matthew Lee Cotten appeals from the trial court's order denying his plea in bar on former jeopardy grounds.[1] For the following reasons, we affirm.

On August 8, 2000, Cotten entered a nolo contendere plea to misdemeanor possession of marijuana. During the plea colloquy, the court asked Cotten if he was under the influence of drugs or alcohol, and Cotten replied that he was not. The court accepted the plea and sentenced Cotten to 12 months probation. Within a few hours of the plea, a probation officer tested Cotten's urine for the presence of drugs. The probation officer told the judge that Cotten's urine was "very" positive for marijuana metabolites, suggesting Cotten's recent use of the drug. On the same day he took the plea, the judge summoned Cotten back to court. The judge set aside the conviction,

---

[1] An order denying a plea in bar is a collateral order which may be directly appealed under OCGA § 5-6-34. *Patterson v. State*, 248 Ga. 875, 876-877 (287 SE2d 7) (1982).

expressing doubts about the voluntariness of Cotten's plea: "Where circumstances suggest to the Court that the person might be under the influence of anything, then it is certainly in the court's discretion and I think it is incumbent upon the court not to allow such a proceeding to take place." There is no evidence in the record that the court prohibited Cotten from reentering a plea at a later date.

On September 5, 2000, Cotten entered a not guilty plea, and his case was placed on the trial calendar. On March 15, 2001, just before his trial was to begin, Cotten argued his plea in bar and, in the alternative, asked to reenter his nolo contendere plea. The judge told Cotten he was no longer inclined to accept a nolo plea, but that he would entertain a negotiated guilty plea. Cotten declined to plead under those circumstances and brought this appeal.

In a criminal case, the trial court retains the inherent power to modify, suspend, or vacate a judgment until the end of the term in which the judgment was rendered. *Sledge v. State*, 245 Ga. App. 488 (537 SE2d 753) (2000); *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989). As our Supreme Court recently explained:

> Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused. During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered. *The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments save those which are founded upon verdicts.*[2] The power of the court, during the term, is described as plenary, to be used for the purpose of promoting justice, but the court's discretion, although broad, is not unbounded and should be exercised only upon sufficient cause shown. Hence, we have recognized that this inherent power should not be used unless some meritorious reason is given therefor. However, the right to determine what is a meritorious reason is also addressed to the sound discretion of the judge, and this

---

[2] The terms "judgment" and "conviction" are not synonymous with "verdict." " 'Conviction' is not the verdict; it is the judgment on the verdict or guilty plea." (Citations and punctuation omitted.) *Blackstock v. State*, 270 Ga. 117, 119 (4), fn. 5 (506 SE2d 130) (1998); see also OCGA § 16-1-3 (4). A verdict is the "formal decision or finding made by a jury . . . upon the matters or questions duly submitted to them upon the trial." Black's Law Dictionary (6th ed. rev. 1990), p. 1559.

court will not reverse his or her decision unless such discretion is manifestly abused.

(Citations and punctuation omitted; emphasis supplied.) *Buice v. State*, 272 Ga. 323, 324-325 (528 SE2d 788) (2000).

In this case, the court vacated Cotten's plea because there was some evidence that Cotten was under the influence of marijuana at the time he entered his plea. The court, expressing an interest in insuring that Cotten's plea was completely voluntary, vacated the conviction to promote that meritorious purpose. Further, we find no evidence that Cotten was prejudiced by the court's decision. Although Cotten may have lost the opportunity to enter a nolo contendere plea,[3] that event, like the court's decision to vacate the plea, was a direct consequence of Cotten's own unlawful marijuana use. Cotten's actions are comparable to induced error, and the prejudice he asserts is based on his actions. As we have held: "Asserted prejudice based upon induced error is impermissible." (Citations omitted.) *Martin v. State*, 235 Ga. App. 844, 845 (2) (510 SE2d 602) (1998). Cotten has not carried his burden of showing that the court's actions have impaired his defense in any way. See *Buice*, 272 Ga. at 326, n. 2. Therefore, we find no abuse of discretion in the trial court's decision to vacate Cotten's conviction. See id. at 326.

Cotten's prior conviction does not bar his prosecution for the same crime because his conviction was vacated in a later proceeding that did not result in a finding of not guilty or a finding that the evidence was insufficient to authorize a guilty verdict. OCGA § 16-1-8 (d) (2). See *McCrary v. State*, 254 Ga. 382 (1) (329 SE2d 473) (1985); *Garrard v. State*, 242 Ga. App. 189, 190-191 (528 SE2d 273) (2000). Accordingly, the trial court properly denied Cotten's plea in bar.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 21, 2001 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Crumbley & Crumbley, Wade M. Crumbley*, for appellant.
*John T. Rutherford, Solicitor-General*, for appellee.

---

[3] We do not address Cotten's implied contention that the trial court's conduct is presumptively vindictive in violation of *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969). Because Cotten has yet to be convicted and sentenced, we do not have two sentences to compare. Therefore, any claim based upon *Pearce* is premature. *Hyman v. State*, 248 Ga. App. 521, 522 (546 SE2d 881) (2001).