### A02A0872. CARLISLE v. THE STATE.
(570 SE2d 616)

MIKELL, Judge.
On February 26, 1997, an eleven-count indictment was entered against Janice Marie Carlisle, charging her with two counts of stalking, one count of first degree forgery, one count of attempt to commit burglary, one count of possession of tools for the commission of a crime, five counts of aggravated stalking, and one count of conspiracy to commit murder. On June 5, 1997, Carlisle pleaded guilty to two counts of stalking (Counts 1 and 2 of the indictment) and two counts of aggravated stalking (Counts 6 and 10). In return, the state tendered for nolle prosequi the remaining seven counts of the indictment, and the trial court granted the request. Carlisle was sentenced to ten years supervised probation with 124 days to be served in custody.
On June 1, 1999, Carlisle filed a petition for a writ of habeas corpus, challenging the voluntariness of her guilty plea. On August 16, 2000, the habeas court found that Carlisle's guilty plea was not

freely and voluntarily given and ordered that the plea be "voided, invalidated, and overturned." The court expressly stated that "Petitioner's plea of not guilty to all charges in said Indictment, as originally entered at her arraignment thereon, is reinstated in it[s] entirety." The Supreme Court affirmed the habeas court's decision. *Wetherington v. Carlisle*, 273 Ga. 854 (547 SE2d 559) (2001).

On remand, Carlisle's trial was specially set to begin on November 13, 2001. The trial court ordered that all pretrial motions would be heard on October 29, 2001. Carlisle moved that she be tried only on Counts 1, 2, 6, and 10 of the indictment, and not on the counts that had been nolle prossed in return for the negotiated guilty plea that she subsequently withdrew. The trial court denied the motion on November 2, 2001. Carlisle filed a notice of appeal on November 6, challenging the denial of her "plea of former jeopardy." The next day, she filed a written plea of former jeopardy, in which she argued that the trial court erred in ordering her to stand trial on seven counts which were not legally viable. The court entered another order on November 13, 2001, expressly denying Carlisle's plea of former jeopardy. We granted Carlisle's subsequent emergency motion and ordered that her appeal of the November 2, 2001 order be allowed to proceed.

In the sole error enumerated on appeal, Carlisle argues that the trial court erred in ordering that she be tried on all 11 counts of the original indictment. We disagree and affirm the order of the trial court.

In *Buice v. State*, 272 Ga. 323 (528 SE2d 788) (2000), the Supreme Court held that a trial court could vacate an order of nolle prosequi within the same term of court in which it was entered. Id. at 326. Based on *Buice*, Carlisle argues that because the term of court in which the seven counts were nolle prossed has long expired, the trial court lacks jurisdiction to reinstate them. However, there are significant distinctions between the case sub judice and *Buice*. In *Buice*, the defendant was indicted in 1994 and charged with two counts of child molestation. In 1996, the defendant was indicted on similar charges under a second bill of indictment. Both indictments appeared on the February 1997 trial calendar. Before trial, the state nolle prossed the 1994 indictment. Four days later, the state requested that the order of nolle prosequi be vacated, because it had mistakenly nolle prossed the wrong indictment. The trial court granted the request and entered an order rescinding the nolle prosequi order. The defendant was convicted on the 1994 indictment, and the 1996 indictment was nolle prossed. Id. at 323. The trial court's decision was affirmed. Id. at 326. Significantly, there was no mention of a plea agreement in connection with the nolle prossed indictment in *Buice*.

Here, the seven disputed counts were nolle prossed in return for Carlisle's guilty plea. "It is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant." *City of Baldwin v. Barrett*, 265 Ga. 489, 490 (458 SE2d 619) (1995). The state nolle prossed the seven counts pursuant to the plea agreement. Now, Carlisle wants to avoid performing her part of the bargain while enjoying the portion of the agreement that was beneficial to her.

In *Martin v. State*, 207 Ga. App. 861, 863 (429 SE2d 332) (1993), we rejected a defendant's attempt to enjoy a similar windfall. In that case, the defendant reached an agreement with the state in which he would enter a guilty plea to both the predicate offense and the offense for which a life sentence would be imposed, in exchange for the state's dismissal of the remaining charges against him. Id. at 861. After entering his guilty plea, the defendant challenged the imposition of the agreed-upon life sentence because the state did not renotify him that his guilty plea to the first offense would serve as the predicate for a life sentence on the second offense. We rejected his argument and held as follows:

> Having accepted the benefit of the bargain with the State and secured the dismissal of all other charges pending against him on the three indictments, it is appellant who now seeks to avoid living up to his part of the bargain. This he cannot do. Public policy and the great ends of justice require that the arrangement between the public prosecutor and the defendant be carried out.

(Punctuation omitted.) Id. at 863, citing *State v. Hanson*, 249 Ga. 739, 745 (3) (295 SE2d 297) (1982).

As we noted above, when it granted Carlisle's request to withdraw her guilty plea, the habeas court expressly stated that "Petitioner's plea of not guilty to all charges in said Indictment, as originally entered at her arraignment thereon, is reinstated in it[s] entirety." The Supreme Court affirmed the habeas court's decision. *Wetherington v. Carlisle*, supra. Therefore, both Carlisle and the state should be in the same position they were prior to the entry of the guilty plea, as Carlisle's plea of not guilty to the entire original indictment has been reinstated.

The Appellate Court of Illinois reached a similar conclusion in *People v. Horne*, 21 Ill. App.3d 10 (314 NE2d 633) (1974). That case held that when a defendant successfully appealed the validity of a guilty plea, the other charges that had been nolle prossed pursuant to the plea agreement could be reinstated. Id. at 12. The Illinois court held that jeopardy had not attached to the nolle prossed counts,

because no jury had been impaneled, and the trial court had not heard evidence. Id. at 13.

Furthermore, our review of other jurisdictions reveals that Pennsylvania allows the revival of nolle prossed indictments outside of the applicable term of court. See *Commonwealth v. Whiting*, 509 Pa. 20, 22-23 (500 A2d 806) (1985) (nolle prosequi may be retracted at any time); *Commonwealth v. McLaughlin*, 293 Pa. 218, 223 (142 A 213) (1928) (nolle prosequi may be cancelled at any time to permit a revival of original indictment). In *Buice*, supra at 325, our Supreme Court cited a Pennsylvania decision, *Commonwealth v. Ahearn*, 543 Pa. 174 (670 A2d 133) (1996), which provided that "[a] nolle prosequi is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at anytime in the future can be lifted upon appropriate motion." 543 Pa. at 180.

Carlisle's reliance on *State v. Sheahan*, 217 Ga. App. 26 (456 SE2d 615) (1995), and *State v. Davis*, 196 Ga. App. 785 (397 SE2d 58) (1990), is misplaced. *Sheahan* is physical precedent only, and it is distinguishable from the case at bar.[1] Likewise, there are significant distinctions between this case and *Davis*. In *Davis*, both the state and the defense announced ready at the calendar call of the defendant's case. Three days later, before a jury was impaneled, the state moved to nolle prosse the case. Three weeks later, the state notified the defendant that it would put the case back on the next trial calendar. Upon the defendant's motion to dismiss, the trial court formally entered a nolle prosequi upon the indictment, nunc pro tunc, and dismissed it. Id. We affirmed, reasoning that it would render every nolle prosequi a meaningless gesture if the state was permitted to simply place the case back on a trial calendar after nolle prossing it. Id. at 786. This concern would not apply to the case at bar. Unlike the defendant in *Davis*, Carlisle agreed to plead guilty in exchange for the nolle prosequi of the remaining seven counts. The state did not simply decide to nolle prosse the charges and then to try Carlisle after all; rather, Carlisle obtained habeas relief and withdrew her bargained-for guilty plea.

To the extent that the trial court's order in the case sub judice amounted to a denial of Carlisle's plea of former jeopardy, we find no error. Pretermitting whether Carlisle's plea of former jeopardy was timely filed, the trial court's decision was correct on the merits.

---

[1] In *Sheahan*, a traffic court judge nolle prossed charges of vehicular homicide and improper lane change but also fined the defendant. Id. at 26. When the state attempted to bring the charges in state court, the trial judge ordered that further prosecution was barred because the imposition of a fine had placed the defendant in jeopardy. Id. at 27. We reversed, holding that the imposition of the fine by the traffic judge was void, as the charges had already been nolle prossed. Id. at 29.

Because the seven disputed counts of the indictment were nolle prossed, and a jury was not impaneled to hear them, Carlisle was never in jeopardy for those charges. OCGA § 16-1-8 (a). A defendant is not placed in jeopardy until the jury has been impaneled and sworn. *Turner v. State*, 152 Ga. App. 354, 355 (1) (262 SE2d 618) (1979). Accord *Alexander v. State*, 192 Ga. App. 211-212 (384 SE2d 436) (1989).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 23, 2002 —
RECONSIDERATION DENIED SEPTEMBER 6, 2002 — 

*Brian Steel*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.