S03G0114. CARLISLE v. THE STATE.
(586 SE2d 240)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Carlisle v. State*, 257 Ga. App. 282 (570 SE2d 616) (2002), to address an issue of first impression, namely whether certain criminal charges which had been the subject of a previous order of nolle prosequi may be revived where those charges have not been reindicted, the term of court in which the nolle pros was entered has expired without the trial court having vacated its entry of the order, and the statute of limitation for prosecution of those offenses has run. Under the circumstances of this case, we hold that the trial court lacked jurisdiction to try Carlisle on the counts of the indictment which had been nolle prossed,

and we reverse the judgment of the Court of Appeals.

In 1997 an 11-count indictment was returned against Janice Marie Carlisle, charging her, inter alia, with stalking, aggravated stalking, and various other felony offenses. Several months later, she entered a plea to two counts of stalking and two counts of aggravated stalking under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). At the same time, the State tendered for nolle prosequi the remaining seven counts, and the trial court granted the request.[1]

In 1999 Carlisle filed a petition for writ of habeas corpus challenging the voluntariness of her plea. The writ was granted on the basis that she lacked the mental capacity to intelligently, freely, and voluntarily enter her plea. The State appealed, challenging only the voluntariness of the plea. We affirmed the habeas court's ruling on the only ground raised – that Carlisle's mental disorder and lack of medication prevented her from knowingly and voluntarily entering her plea. *Wetherington v. Carlisle*, 273 Ga. 854 (547 SE2d 559) (2001).

When the case was remanded for trial, Carlisle filed a motion to limit trial to the four counts which were the subject of her plea, and not the seven counts which had been nolle prossed (by now, the statute of limitation had run on the seven counts). The motion was denied, and a notice of appeal was filed. Carlisle then filed a plea of former jeopardy, which was also denied. The Court of Appeals granted an emergency motion, allowed the appeal of the first order to proceed, and affirmed, holding that Carlisle may be tried on all 11 counts of the original indictment. *Carlisle*, supra.

" 'When the nolle prosequi was entered . . . the prosecution was at an end, and all the incidents to it came to an end (cit.), including most obviously the right of the State to try the defendant upon [those charges].' " *State v. Sheahan*, 217 Ga. App. 26, 27 (2) (456 SE2d 615) (1995). The State, however, is not without recourse to revive such prosecutions under certain circumstances. An order of nolle prosequi may be vacated by the court in the same term of court in which it was rendered where the State has demonstrated a meritorious reason and there is no prejudice to the accused which would amount to an abuse of the court's discretion. *Buice v. State*, 272 Ga. 323 (528 SE2d 788) (2000).

OCGA § 17-3-3 provides a mechanism for the State to refile charges after an order of nolle prosequi has been entered. Under that Code section, if an indictment is brought within the applicable stat-

---

[1] Each of the seven remaining counts alleged felony offenses occurring from December 1996 through February 1997; each carried four-year statutes of limitation under OCGA § 17-3-1 (c).

ute of limitation for the offense, and is quashed or a nolle prosequi is entered, "the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered." Thus, OCGA § 17-3-3 operates as a saving provision by permitting the State to return a new indictment within the applicable statute of limitation, or within six months after the entry of the nolle pros if that occurs later. *Kyles v. State*, 254 Ga. 49 (326 SE2d 216) (1985). After that time, the prosecution cannot be recommenced, absent a statutory ground for the suspension of the statute of limitation. See OCGA § 17-3-2.

In the case now before the Court, we assume that the State had no reason to seek to vacate the order of nolle prosequi during the term of court in which it was entered under *Buice*, supra, because Carlisle had not yet challenged the voluntariness of her plea in post-conviction proceedings. But there was additional recourse available to the State once Carlisle filed her habeas petition. At this time, the statute of limitation was still viable to permit the State to reindict the seven felony offenses which had been the subject of the order of nolle prosequi. The State, however, failed to exercise that option. In fact, the State took no action at all until October 2001 when it defended Carlisle's motion to limit her trial to the four counts which were the subject of her plea. By that time, four and a half years had passed from the entry of her guilty plea and the order of nolle prosequi, the statute of limitation had run on the nolle prossed offenses, and there was no charging instrument pending. By requiring Carlisle to stand trial for the seven additional offenses, the trial court in effect vacated the order nolle prosequi long after the term of court in which it was entered. Such action is in direct contravention to our ruling in *Buice*, supra. In the absence of a new indictment, the trial court had no jurisdiction to try the defendant. Id.; *Sheahan*, supra.

The Court of Appeals analyzed the plea agreement as a contract which binds both parties, and returns the parties to their pre-contract state if the contract fails. But the issue is one of jurisdiction, not contract. Under the circumstances of this case, "the trial court has lost jurisdiction of the case and possesses no judicial power to reinstate [the indictment]," *Buice*, supra at 325, notwithstanding any contract between the parties.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

I believe that the trial court correctly ruled in this case for the reasons set forth by the Court of Appeals in *Carlisle v. State*, 257 Ga. App. 282 (570 SE2d 616) (2003). Accordingly, I dissent to the majority's reversal of the Court of Appeals judgment which affirmed the

trial court. As so clearly stated by Judge Mikell, writing for the Court of Appeals, "when it granted Carlisle's request to withdraw her guilty plea, the habeas court expressly stated that 'Petitioner's plea of not guilty to all charges in said Indictment, as originally entered at her arraignment thereon, is reinstated in its entirety.' [This Court] affirmed the habeas court's decision. *Wetherington v. Carlisle*, [273 Ga. 854 (547 SE2d 559) (2001)]. Therefore, both Carlisle and the state should be in the same position they were prior to the entry of the guilty plea, as Carlisle's plea of not guilty to the entire original indictment has been reinstated." *Carlisle v. State*, supra at 284. Thus, I disagree with the majority that the State had to reindict in order to reinstate the charges nolle prossed because the habeas court, with the approval of this Court, has already done that.

DECIDED SEPTEMBER 15, 2003.

*Brian Steel*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.