# Court of Appeals
# of the State of Georgia

ATLANTA,____August 09, 2016____

*The Court of Appeals hereby passes the following order:*

**A16A1870.  QUENTIN LAMAR JOHNSON v. THE STATE.**

Quentin Johnson filed this direct appeal from the trial court's pre-trial order denying his motion to dismiss this criminal prosecution due to an alleged constitutional speedy-trial violation.  The State has moved to dismiss this appeal based on Johnson's failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b).

In *Sosniak v. State*, 292 Ga. 35, 40 (2) (734 SE2d 362) (2012), the Supreme Court ruled that an order denying a pre-trial constitutional speedy-trial motion is not directly appealable and that a defendant thus must follow the OCGA § 5-6-34 (b) interlocutory-appeal procedures to obtain immediate appellate review of such an order.  See also *Stevens v. State*, 292 Ga. 218, 218-219 (734 SE2d 743) (2012).  Because Johnson failed to follow the required appellate procedure, the State's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.

We note, however, that Johnson also has appealed the trial court's denial of his plea in bar based on double jeopardy in the same underlying prosecution.  That appeal has been docketed in this Court as Case No. A16A1869.  See *Cotten v. State*, 251 Ga. App. 628, 628, n. 1 (555 SE2d 15) (2001) (the denial of a plea in bar on double-jeopardy grounds is directly appealable).  Johnson is free to seek appellate review of his speedy-trial claim in that appeal.  See OCGA § 5-6-34 (d); *Malloy v. State*, 293 Ga. 350, 352-353 (1) (744 SE2d 778) (2013).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  08/09/2016
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

               *, Clerk.*